Mihiretab Teshome JOBIRA;  Beza
Teshome Jobira, Petitioners,

v.

Eric H. HOLDER, Jr., United States
Attorney General, Respondent.

No. 11–9561.

United States Court of Appeals,
Tenth Circuit.

Oct. 30, 2012.

Carolyn Paige Gardner, Green and
Gardner, LLC, Boulder, CO, for Petitioners.

Edward C. Durant, Kathryn McKinney,
Ari Nazarov, United States Department of
Justice, Office of Immigration Litigation,
Washington, DC, John Longshore, Director, DHS Immigration and Customs
Enforcement, Centennial, CO, for Respondent.

Before GORSUCH, Circuit Judge,
BRORBY, Senior Circuit Judge, and
HOLMES, Circuit Judge.

### ORDER AND JUDGMENT*

NEIL M. GORSUCH, Circuit Judge.

Mihiretab Teshome Jobira and Beza
Teshome Jobira are natives and citizens of
Ethiopia who overstayed their visitor visas.  An Immigration Judge denied their
applications for asylum and the Board of
Immigration Appeals (BIA) dismissed
their appeal.  Dissatisfied, the Jobiras retained new counsel and filed a petition for
review, which we denied. *Jobira v. Hold-*

*er,* 438 Fed.Appx. 731, 735 (10th Cir.2011)
(unpublished).  Still dissatisfied, the Jobiras filed a motion to reopen deportation
proceedings eight months after the BIA's
dismissal of their appeal.  The BIA denied
the motion as untimely and concluded that
equitable tolling of the filing deadline was
not warranted.  Now again before us, the
Jobiras file a petition for review of the
BIA's decision to deny their motion to
reopen.

A motion to reopen must be filed no
later than ninety days after "the final administrative decision was rendered in the
proceeding sought to be reopened."  8
C.F.R. § 1003.2(c)(2).  Having filed this
motion far more than ninety days after the
BIA's dismissal, the Jobiras look to the
doctrine of equitable tolling for help.  And,
in fact, the ninety day period may be equitably tolled only if (1) their constitutional
right to due process has been violated by
their counsel's conduct and (2) they have
"exercised due diligence in pursuing the
case during the period" they seek to toll.
*Mahamat v. Gonzales,* 430 F.3d 1281, 1283
(10th Cir.2005).  The BIA's assessment
whether equitable tolling is appropriate
under this standard is something we review for abuse of discretion.  *Id.*

We see none in this case.  To be sure,
the Jobiras charge the BIA with failing to
explain adequately the basis for its denial
of equitable tolling, and they argue that
the standard for tolling is, in fact, met.
Neither charge, however, bears scrutiny.
Our review of the record confirms that the
BIA clearly and correctly explained that
the Jobiras didn't establish prejudice flowing from their counsel's alleged conduct.

---

* After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist
the determination of this appeal. *See* Fed.
R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without
oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however,
for its persuasive value consistent with Fed.
R.App. P. 32.1 and 10th Cir. R. 32.1.

The BIA observed that the Jobiras motion to reopen did not include with it any of the material they allege would have made a difference in their case. Specifically, the Jobiras did not attach an affidavit from their brother—who the Jobiras allege would have offered helpful testimony—despite the fact that he was living with the Jobiras at the time of the merits hearing. Neither did the Jobiras identify any of the allegedly helpful legal authority they claim prior counsel should have presented to the BIA on appeal. It is for these clearly explained reasons the BIA concluded the Jobiras failed to carry their burden of prejudice and we see nothing to indicate the BIA abused its discretion in any way.

The petition for review is denied.

